IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| | : |
| DEBBRA BROWN, et al. | |
| | : |
| | |
| v. | :   Civil Action No. DKC 11-1683 |
| | : |
| WHITE'S FERRY, INC., et al. | |
| | : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this dispute over alleged unpaid wages is a motion filed by Plaintiffs Debbra Brown and James Parker to facilitate identification and notification of similarly situated employees. (ECF No. 5). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiffs' motion will be denied without prejudice.

I.   **Background**

On June 20, 2011, Plaintiffs filed a complaint, on behalf of themselves and similarly situated others, against Defendants White's Ferry, Inc., and Malcolm Brown, seeking to recover unpaid regular and overtime wages, liquidated damages, and attorneys' fees pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201, *et seq.*, and related state law provisions. According to the complaint, Plaintiffs

were employed by Defendants on a full-time basis from April 1, 2009, through August 13, 2010, working primarily in Defendants' "store and café located in Dickerson, Maryland." (ECF No. 1 ¶ 9). Plaintiffs "regularly and typically worked about eighty (80) hours per week" and were paid "a flat monthly salary" of $1,500.00 (for Ms. Brown) and $1,600.00 (for Mr. Parker). (*Id*. at ¶¶ 10, 11). Figuring their hourly rate by dividing their monthly salaries by the number of hours worked, Plaintiffs allege that they were paid significantly less than the federal minimum wage and that they were never paid overtime rates for hours worked in excess of forty per week. Plaintiffs further assert that they are similarly situated to other current and former White's Ferry employees who "were not, or are not currently, paid by Defendants as prescribed by the FLSA for hours worked each week." (*Id*. at ¶ 19).

Defendants answered on July 19, denying all material allegations. (ECF No. 3). On August 9, Plaintiffs filed the pending motion to facilitate identification and notification of similarly situated employees, attaching supporting declarations, a proposed notice, and a proposed opt-in form. (ECF No. 5). Defendants have opposed Plaintiffs' motion (ECF No. 8) and Plaintiffs have filed papers in reply (ECF No. 9).

## II.  Analysis

Subsection 216(b) of the FLSA establishes an "opt-in" scheme pursuant to which putative plaintiffs must affirm their intention to become a party to a lawsuit:

> An action . . . maybe maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).  The Supreme Court of the United States has recognized that "district courts have discretion, in appropriate cases, to . . . facilitat[e] notice to potential plaintiffs." *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

As Judge Blake explained in *Camper v. Home Quality Management, Inc.*, 200 F.R.D. 516, 519-20 (D.Md. 2000):

> The threshold issue in determining whether to exercise this discretion is whether the plaintiffs have demonstrated that potential class members are "similarly situated." 29 U.S.C. § 216(b). While courts employ different standards to determine whether plaintiffs have made a sufficient showing to warrant court facilitated notice, I agree with the conclusion of Judge Legg in this District that a plaintiff should be required "to make a preliminary factual showing that a similarly situated group of potential plaintiffs exists" before court assistance is granted. *D'Anna v. M/A-COM, Inc.*, 903 F.Supp. 889, 893-94 (D.Md. 1995). Mere allegations in the complaint are not

> sufficient; some factual showing by
> affidavit or otherwise must be made. *See,*
> *e.g., Sperling v. Hoffman-LaRoche, Inc.*, 118
> F.R.D. 392, 406-07 (D.N.J. 1988) (holding
> that evidence of "similarly situated"
> plaintiffs must be "sufficiently developed"
> to allow court facilitated class notice),
> *aff'd in part, dismissed in part*, 862 F.2d
> 439 (3d Cir. 1988), *aff'd*, 493 U.S. 165, 110
> S.Ct. 482, 107 L.Ed.2d 480 (1989); *accord*
> *Severtson v. Phillips Beverage Co.*, 137
> F.R.D. 264, 266 (D.Minn. 1991) ("As a matter
> of sound case management, a court should,
> before offering such assistance, make a
> preliminary inquiry as to whether a
> manageable class exists . . . [P]laintiffs
> must submit evidence establishing at least a
> colorable basis for their claim that a class
> of 'similarly situated' plaintiffs exist").

For initial collective action certification under § 216(b), courts generally "require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Sperling*, 118 F.R.D. at 407. "When sufficient evidence in the record at the initial 'notice' stage makes it clear that notice is not appropriate, however, a court can . . . deny certification outright." *Purdham v. Fairfax County Public Schools*, 629 F.Supp.2d 544, 547 (E.D.Va. 2009) (citing *Holt v. Rite Aid Corp.*, 333 F.Supp.2d 1265, 1273-74 (M.D.Ala. 2004)). Ultimately, "[t]he plaintiff has the burden of demonstrating that notice is 'appropriate.'" *D'Anna*, 903 F.Supp. at 894.

In support of their motion, Plaintiffs rely on their own declarations, which state, in pertinent part:

> I have personal knowledge that at least
> twenty-five (25) other similarly-situated
> individuals exist: (1) who are not yet
> parties to this lawsuit; (2) who are current
> and former employees of Defendants; (3) who
> worked more than forty (40) hours per week
> for Defendants on a regular basis; (4) were
> not paid [by] Defendants for all hours
> worked at an hourly rate at least equal to
> the Federal Minimum Wage; and (5) who were
> never paid by Defendants at the rate of one-
> and-one-half (1½) times their regular hourly
> rate for overtime hours worked each week in
> excess of forty (40).
>
> I have personal knowledge that other current
> and former employees meeting the description
> set forth above . . . have not yet joined
> this lawsuit because they either have not
> received notice of the suit or because these
> individuals are afraid that if they join
> this lawsuit they may be subject to
> retaliation by Defendants and/or may be
> terminated from their employment with
> Defendants.

(ECF Nos. 5-2 ¶¶ 14, 15; 5-3 ¶¶ 14, 15).

The question presented by the instant motion is whether these assertions constitute "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Sperling*, 118 F.R.D. at 407. Although Plaintiffs are only required to make a "relatively modest factual showing" to establish entitlement to conditional class certification, *D'Anna*, 903 F.Supp. at 894, and "[a]n adequate factual showing by affidavit . . . may suffice," *Marroquin v. Canales*, 236 F.R.D. 257, 259 (D.Md. 2006), the showing made by Plaintiffs does not pass muster.  Indeed,

Plaintiffs have done nothing more than assert, in conclusory fashion, that there are similarly situated others.  Courts have consistently found such bare assertions insufficient to satisfy the plaintiff's burden in this context.  *See Freeman v. Wal-Mart Stores, Inc.*, 256 F.Supp.2d 941, 945 (W.D.Ark. 2003) ("unsupported assertions of widespread violations are not sufficient to meet Plaintiff's burden") (citing *Haynes v. Singer Co.*, 696 F.2d 884, 887 (11th Cir. 1983)); *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D.Tex. 1999) (denying request for court facilitated notice where plaintiffs "failed to identify potential plaintiffs, submit affidavits of potential plaintiffs or submit any other evidence that might show a widespread plan of discrimination existed"); *see also Slavinski v. Columbia Ass'n, Inc.*, Civ. No. CCB-08-890, 2011 WL 1310256, at *5 (D.Md. Mar. 30, 2011) (denying conditional certification where plaintiff provided "no evidence demonstrating that [alleged similarly situated] employees performed similar functions or similar levels of function to [Plaintiff]").  In neither their complaint nor their declarations do Plaintiffs provide any description of the nature of business operations at White's Ferry.  Not only have they failed to identify the names, job titles, and/or job responsibilities of the alleged similarly situated employees, they have described their own positions and responsibilities in only the vaguest of terms.  Moreover,

Plaintiffs have provided no explanation as to the basis for their belief that the alleged similarly situated employees are, or were, in fact similarly situated (*i.e.*, that they were not exempt; that they were paid at an hourly rate below the federal minimum wage; and that they were not paid an overtime premium for hours worked in excess of forty per week).

As Judge Legg explained in *D'Anna*, 903 F.Supp. at 894

> "As a matter of sound case management, a court should, before offering [to assist plaintiff in locating additional plaintiffs], make a preliminary inquiry as to whether a manageable class exists. . . . The courts, as well as practicing attorneys, have a responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation." *Severtson*, 137 F.R.D. at 266-67. Furthermore, an employer should not be unduly burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense.

On the present record, the court cannot determine whether "a manageable class exists," nor can it fulfill its responsibility of "avoid[ing] the 'stirring up' of litigation through unwarranted solicitation" and preventing a "frivolous fishing expedition." Accordingly, Plaintiffs' motion will be denied, albeit without prejudice to Plaintiffs' right to renew within fifteen days.

## III. Conclusion

For the foregoing reasons, Plaintiffs' motion to facilitate identification and notification of similarly situated employees will be denied. A separate order will follow.


_____/s/_____
DEBORAH K. CHASANOW
United States District Judge