IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEBBRA BROWN, et al.

v. : Civil Action No. DKC 11-1683

WHITE’S FERRY, INC., et al.

**MEMORANDUM OPINION**

Presently pending and ready for review in this Fair Labor Standards Act case is the motion for partial summary judgment filed by Plaintiffs Debbra Brown and James Parker. (ECF No. 13). The issues have been fully briefed, and the court now rules, no hearing deemed necessary. Local Rule 105.6. For the following reasons, the motion for partial summary judgment will be denied.

## I. Background

Plaintiffs commenced this action against Defendant White’s Ferry, Inc. (“WFI”) and Defendant Malcolm Brown on June 20, 2011, by filing a complaint alleging violations of the overtime and minimum wages provisions of the Fair Labor Standards Act of 1938 (“FLSA”), the Maryland Wage and Hour Law (“MWHL”), and the Maryland Wage Payment and Collection Law. (ECF No. 1).[1] WFI is

[1] Plaintiffs purported to bring the action on behalf of themselves and similarly-situated others, but their subsequent

a Maryland corporation with its principal place of business in Dickerson, Maryland. It operates a cable ferry service that shuttles cars across the Potomac River between Virginia and Maryland. It also operates a small convenience store and café adjacent to the ferry.

According to the complaint, Plaintiffs worked on a full-time basis for WFI "from approximately April 1, 2009 through August 13, 2010" and "primarily performed work duties for Defendants in their store and café." (ECF No. ¶¶ 7, 9). Mr. Brown was "[a]t all times [their] supervisor," responsible for "set[ting] and direct[ing their] schedules, and determin[ing their] rate[s] and method of pay." (*Id*. ¶ 3). Plaintiffs alleged that they were paid a "flat monthly salary" of $1,600.00 for Mr. Parker and $1,500.00 for Ms. Brown. (*Id*. ¶ 11). Though they "regularly and typically worked about eighty (80) hours per week," WFI "never [paid them] overtime wages." (*Id*. ¶¶ 10, 13). Their respective rates of pay, when averaged, were "less than the Maryland and Federal Minimum Wage, $7.25 per hour." (*Id*. ¶¶ 16, 18).

Defendants answered on July 19, 2011, denying all material allegations, including that Plaintiffs ever worked more than

---

motion to facilitate identification and notification of similarly-situated employees (ECF No. 5) was denied (ECF Nos. 10, 11). Plaintiffs were permitted to renew that motion within twenty-one days, but failed to do so.

forty hours per week or that they were not exempt from coverage under the FLSA. (ECF No. 3 ¶¶ 10, 12, 14).[2] A scheduling order was subsequently entered, establishing a discovery deadline of May 3, 2012, and a dispositive motions deadline of June 4, 2012. (ECF No. 17).

On December 9, 2011, Plaintiffs filed the pending motion for partial summary judgment, seeking judgment against WFI with respect to their FLSA and MWHL claims. (ECF No. 13). As support, they attached their own declarations and WFI's answers to interrogatories and response to requests for production of documents. This evidence is problematic in several respects. First, while Plaintiffs alleged in the complaint that they were employed by WFI from "April 1, 2009 through August 13, 2010" (ECF No. 1 ¶ 7), they assert in their declarations that they did not start until September 1, 2009 (ECF No. 13-2 ¶ 3; ECF No. 13-3 ¶ 3). Second, the complaint recites that Ms. Brown was paid $1,500.00 per month (ECF No. 1 ¶ 11), but Plaintiffs now assert that she was paid "$1,300.00 per month" (ECF No. 13-1, at 2), citing WFI's interrogatory response that states her "salary was

---

[2] Defendants purported to verify their answer. Their attempted verification, however, was invalid because their electronic signatures were not in compliance with section III.F.4 of the court's Electronic Filing Requirements and Procedures manual. As will be seen, Mr. Brown's declaration in support of WFI's opposition to the motion for summary judgment suffers in part from the same infirmity.

$1330.00" (ECF NO. 13-4, Resp. to Pl. Deb[b]ra Brown's Interrogs., at 3 (Interrog. No. 6)). Ms. Brown asserts in her declaration, moreover, that she was paid "a flat monthly salary in the amount of $1,500.00 per month." (ECF No. 13-3 ¶ 7). Third, in support of their argument that "[a]t no time did Defendant keep time records or, in any way, attempt to track the amount of hours Plaintiffs worked each day or week" (ECF No. 13-1, at 2), Plaintiffs point to WFI's written response to their requests for production of documents, which states: "See attached payroll records and W2 forms." (ECF No. 13-5, Resp. to Pls.' Req. for Produc. of Docs., at 2 (Req. No. 3); *see also* ECF No. 13-4, at 2 (Interrog. No. 4) ("Payroll records for Debbra Brown and James Parker are attached.")).[3] Although Plaintiffs did not attach the payroll records to their motion, WFI's discovery responses cast doubt on the veracity of their claim that no records were kept. Finally, Plaintiffs allege in the complaint that "[a]t all times, [Mr.] Brown was [their] supervisor" and that he "directed [their] schedules, and determined Plaintiffs' rate and method of pay." (ECF No. 1 ¶ 3). In the memorandum in support of their motion, however, they argue that "no individual supervised or directed Plaintiffs in

[3] The original request for production of documents asked, in relevant part, for "All documents that identify, describe, or refer to the manner and extent to which each Plaintiff was compensated by you."

relation to their work performance while employed by Defendant" (ECF No. 13-1, at 3), citing an interrogatory response by WFI that stated roughly the same thing (ECF No. 13-4, at 4 (Interrog. No. 13)).

In opposing Plaintiffs' motion, WFI provides a strikingly different account of the relevant facts. (*See* ECF No. 16). For example, WFI describes how Plaintiffs allegedly received free housing and utilities, in addition to their wages (*id.* at 2-4); that for roughly six months of the one-year term of their employment, the store in which Plaintiffs claimed to have worked eighty hours per week was closed (*id.* at 3); and that Plaintiffs were nevertheless allowed to remain in the apartment, with Mr. Parker continuing to receive his monthly salary, in exchange for performing odd jobs during the off-season (*id.*).

In their reply papers, Plaintiffs observe that "[WFI's] entire defense is that Plaintiffs, over the course of their entire employment, never worked more than forty (40) hours in a week[, and] relies wholly on Defendant's Answers to Plaintiffs' Interrogatories and the Affidavit of Malcolm E.D. Brown." (ECF No. 18, at 2). Plaintiffs argue that "[t]he Interrogatory Responses [*i.e.*, one of four exhibits offered by Plaintiffs as evidence in support of their own motion] and Affidavit . . . are, on their face, insufficient as they are not properly verified or sworn to defend against Summary Judgment." (ECF No.

18, at 2). They further argue that Mr. Brown's purported electronic signature on the declaration was invalid. (*Id.* at 2 n.1). While Plaintiffs do not directly address the story suggested by WFI in its opposition papers, Mr. Parker did provide additional detail in a second declaration, which recites, in relevant part:

> Following the 2009 season, Mr. Parker agreed with Malcolm Brown . . . to continue to perform work duties during the winter months and that I would be responsible for maintaining the White's Ferry property, snow removal of sidewalk, and would cook once a week for Mr. Brown and his domestic partner at his private residence.
>
> Following the 2009 season, Ms. Brown agreed with Malcolm Brown . . . to continue to perform work duties during the winter months and that she would clean Mr. Brown's office, hallway, and bathroom in exchange for the rent of [the] apartment.
>
> . . . .
>
> In May 2010, after Ms. Brown and I reopened the store and café, Ms. Brown and I were the only individuals responsible for operating White's Ferry store and café.
>
> . . . .
>
> At a time during the season of 2010, I talked to Mr. Brown to ask to be paid for all the hours Ms. Brown and I worked. At that time, I presented Mr. Brown with the list of hours worked to which Mr. Brown responded[] that Ms. Brown and I were on salary and that he was not going to pay [any more] than that.

(ECF No. 18-1 ¶¶ 4, 5, 11, 20).[4]

**II. Standard of Review**

A court may enter summary judgment only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008). Summary judgment is inappropriate if any material factual issue "may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *JKC Holding Co. LLC v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001).

The party moving for summary judgment has the initial burden to demonstrate that there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. In asserting that there is no genuine dispute of fact, a moving party must cite to materials in the record or show that the fact cannot be genuinely disputed. For instance, a moving party may assert that the opposing party cannot produce admissible evidence to support a fact on which that adverse

---

[4] On January 5, 2012, Mr. Brown filed a supplemental "affidavit." (ECF No. 19). While this document was not accompanied by motion papers, it is, in effect, a surreply, which Defendants did not request leave to file. Accordingly, the court will not consider it. *See* Local Rule 105.2.a.

party will have the burden of proof. Thereafter, a party may "object that the material cited [by the other party] cannot be presented in a form that would be admissible in evidence." Fed.R.Civ.P. 56(c)(2). In the face of such an objection, "[t]he burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." Fed.R.Civ.P. 56(c)(2) advisory committee notes (2010 amendment).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting former Fed.R.Civ.P. 56(e)). "A mere scintilla of proof . . . will not suffice to prevent summary judgment." *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249–50 (citations omitted). At the same time, the court must construe the facts that are presented in the light most favorable to the party opposing the motion. *See Scott v. Harris*, 550 U.S. 372, 378 (2007); *Emmett*, 532 F.3d at 297.

**III. Analysis**

Plaintiffs bring their FLSA claims under 29 U.S.C. §§ 206 and 207. Section 206 provides that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce" wages of at least $6.55 per hour for any work performed prior to July 24, 2009, and $7.25 per hour thereafter. 29 U.S.C. § 206(a)(1). Section 207 requires employers to compensate their employees "at a rate not less than one and one-half times the regular rate" for any hours worked in excess of forty per week. 29 U.S.C. § 207(a)(1). The MWHL is "the State parallel" to the FLSA, *Friolo v. Frankel*, 373 Md. 501, 513 (2003), and the requirements of that provision "mirror those of the federal law," *Turner v. Human Genome Scis., Inc.*, 292 F.Supp.2d 738, 744 (D.Md. 2003). Thus, Plaintiffs' claim under the MWHL "stands or falls on the success of their claim[s] under the FLSA." *Id.*; *see also Jennings v. Rapid Response Delivery, Inc.*, No. WDQ-11-0092, 2011 WL 2470483, at *5 (D.Md. June 16, 2011) (finding that the plaintiffs had sufficiently pleaded a claim under the MWHL by adequately pleading their FLSA claim).

Plaintiffs seek summary judgment as to the first three counts of the complaint as well as liquidated damages. They

initially argue that their evidentiary burden in proving a violation of the FLSA is lessened because WFI did not keep records of the hours that they worked. (ECF No. 13-1, at 6-7). Citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946), they contend that they "need only 'prove that [they have] in fact performed work for which [they were] improperly compensated and . . . produce sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" (ECF No. 13-1, at 6 (quoting *Anderson*, 328 U.S. at 687-88)). To that end, they proffer their declarations to show that they never received overtime pay despite working eighty hours per week on average and that their eighty-hour weeks resulted in a regular rate of pay below the minimum wage. (ECF No. 13-2 ¶¶ 6, 9; ECF No. 13-3 ¶¶ 6, 9).[5]

This argument is confusing in light of Plaintiffs' own evidence. As noted, WFI's discovery responses suggest not only that WFI kept payroll records for Plaintiffs, but also that those records have been provided to Plaintiffs during the course of this litigation. Neither party has presented those records or otherwise addressed their content. Moreover, Mr. Parker asserts in his second declaration that he presented Mr. Brown

[5] "[The] regular rate is determined by totaling all the sums received at such day rates or job rates in the workweek and dividing by the total hours actually worked." 29 C.F.R. § 778.112.

with a record of all of Plaintiffs' work hours, demanding payment (*see* ECF No. 18-1 ¶ 20), but no such record has been provided by Plaintiffs. In light of this conflicting evidence and the limited record before it, the court cannot conclude that WFI did not maintain records of Plaintiffs' work hours. Thus, it is not certain that the burden of proof set forth in *Anderson* is applicable here.

Even assuming that no records conclusively establish the number of hours Plaintiffs' worked, there is still a genuine dispute as to the hours based on the current record, rendering summary judgment on any of the first three counts inappropriate. Despite their declarations to the contrary, Plaintiffs have introduced evidence that they worked only forty hours or less each week by attaching to their motion WFI's discovery responses. Interrogatory No. 9 and WFI's response read as follows:

> **INTERROGATORY NO. 9.** State the number of hours worked by each [Plaintiff] for you, per week. Identify all documents and statements which relate thereto, including but not limited to time sheets and pay stubs.
>
> **Ans.:** The plaintiffs worked 40 hours or less each week.

(ECF No. 13-4, at 3). Although Plaintiffs do not specifically cite Interrogatory No. 9 in support of their motion, it is well within the court's purview to consider that evidence here.

Fed.R.Civ.P. 56(c)(3) ("The court need consider only the cited material, but it may consider other materials in the record.").

Incredibly, Plaintiffs argue in their reply papers that the court should not consider WFI's interrogatory responses on summary judgment, even though they themselves marshaled the evidence. (ECF No. 18, at 2-3). They contend that the responses were not made on personal knowledge, as required by Rule 56, thus making them inadmissible and inappropriate for consideration. Plaintiffs' argument is unavailing for at least two reasons.

First, the Federal Rules contain no such requirement that answers to interrogatories by based on personal knowledge. Rule 56 dictates only that affidavits or declarations be made on personal knowledge. Fed.R.Civ.P. 56(c)(4). The proper form of answers to interrogatories is set forth in Rule 33, which states "interrogatories must be answered by the party to whom they are directed; or if that party is a public or private corporation, . . . by any officer or agent, who must furnish the information available to the party." Fed.R.Civ.P. 33(b)(1). Moreover, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."

Fed.R.Civ.P. 33(b)(3).[6] Thus, Rule 33, at least as it pertains to a corporate party, does not mandate that interrogatory responses be made on personal knowledge. *See Shepherd v. Am. Broadcasting Cos.*, 62 F.3d 1469, 1482 (D.C. Cir. 1995) ("Federal Rule of Civil Procedure 33 expressly permits a representative of a corporate party to verify the corporation's answers without personal knowledge of every response by 'furnish[ing] such information as is available *to the party*.'" (quoting Fed.R.Civ.P. 33)); *Saudi v. Northrop Grumman Corp.*, 221 F.R.D. 452, 456 (E.D.Va. 2004) (overruling plaintiff's objection that the corporate defendant's interrogatory responses were made based on its agent's knowledge and belief). Here, WFI's interrogatory responses conform to Rule 33's requirements: the answers are certified and executed on behalf of WFI by its principals. Accordingly, they are competent evidence for consideration on summary judgment.

Second, Plaintiffs cannot in good conscience ask the court to rely on the discovery responses in support of their motion and then argue that the evidence is incompetent to the extent

---

[6] Plaintiffs' cited cases in support of its contention that answers to interrogatories must be made on personal knowledge are inapposite because they concern the proper form of affidavits. *See, e.g.*, *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996) ("[Former] Federal Rule of Civil Procedure 56(e) specifically requires that *affidavits* submitted on summary judgment contain admissible evidence and be based on personal knowledge." (emphasis added)).

that WFI relies on the same evidence. Indeed, a party waives any objection to the admissibility of evidence on summary judgment by offering that evidence in support of its own motion. *See Capobianco v. City of N.Y.*, 422 F.3d 47, 55 (2d Cir. 2005); *cf. Motor Club of Am. Ins. Co. v. Hanifi*, 145 F.3d 170, 175 (4th Cir. 1998) (holding that the defendant waived its hearsay objection to evidence proffered by the plaintiff in opposition to a motion for summary judgment where the defendant submitted the same evidence in support of its own prior motions); *see also* 10A Charles Alan Wright et al., *Federal Practice & Procedure* § 2722 (3d ed. 2011) ("[On summary judgment,] uncertified or otherwise inadmissible documents may be considered by the court if not challenged. The objection must be timely or it will be deemed to have been waived."). Here, Plaintiffs seek to establish several material facts in their favor based on WFI's answers to the interrogatories. (*See* ECF No. 13-1, at 2-3). It is highly disingenuous for them to propose that those same interrogatory responses may not be used to establish material facts in favor of WFI. That WFI may not have affirmatively pointed to that evidence is of no consequence as, again, the court may consider any evidence currently on the record before it in evaluating summary judgment.

With a fact as basic as the number of hours worked by Plaintiffs in dispute, it cannot be found that any overtime

wages were owed or that the regular rate of pay was below the minimum wage.[7] Plaintiffs have not satisfied their initial burden on summary judgment of showing that there is no genuine dispute of material fact as to WFI's liability under the FLSA and the MWHL.

Fortunately for WFI, the burden does not shift to it to counter Plaintiffs' evidence. Had that occurred, the court likely would not have been able to consider Mr. Brown's proffered affidavit – the "Affidavit of Malcolm E.D. Brown" (ECF No. 16-2)[8] – because it fails to conform to Rule 56. An

---

[7] Additionally, Plaintiffs' proffered evidence is intrinsically inconsistent as to another material fact regarding the specific issue of overtime pay: whether WFI was on notice of Plaintiffs' alleged overtime hours. "In order to be liable for overtime wages under the FLSA, an employer must have knowledge, either actual or constructive, of [that] overtime work." *Bailey v. Cnty. of Georgetown*, 94 F.3d 152, 157 (4th Cir. 1996). Here, on one hand, Plaintiffs point to WFI's response to Interrogatory No. 13, which states that no one "supervised and/or directed each Plaintiff in relation to the performance of his employment duties," to suggest that WFI could not know how many hours they worked. (*See* ECF No. 13-1, at 7-8 ("As such, Plaintiffs are, as a matter of law, the only individuals who could know how many hours that [they] worked per week.")). On the other hand, in their reply, Plaintiffs attach a new affidavit of James Parker, which declares that Malcolm Brown was aware of the hours they worked. (*See* ECF No. 18-1, Parker Aff., ¶¶ 13-16). As Plaintiffs themselves cannot make up their minds as to what the facts in this case suggest, it seems straightforward to deny their motion for partial summary judgment on this issue.

[8] Though WFI styles this document as an affidavit, it is, in effect, an unsworn declaration. *See* 28 U.S.C. § 1746 (outlining the requirements for unsworn declarations).

affidavit or declaration "must be made on personal knowledge." Fed.R.Civ.P. 56(c)(4). That condition is strictly construed in this district. *See, e.g.*, *Barnett v. Perry*, No. CCB–11–CV–0122, 2011 WL 5825987, at *7 (D.Md. Nov. 16, 2011) (permitting a party to resubmit affidavits originally based on "knowledge, information, and belief" so as to conform to the "personal knowledge"-requirement of Rule 56, even where some statements may have been made on personal knowledge). Here, Mr. Brown's "affidavit" is made "to the best of [his] knowledge, information and belief." As Plaintiffs observe, this type of affirmation is insufficient to permit consideration of the document.

Mr. Brown's affidavit is also undated and improperly signed. While the absence of a date is not, in and of itself, reason to discount an affidavit or declaration, courts have typically excused that omission only where extrinsic evidence demonstrates the approximate date of signing. *See, e.g.*, *Peters v. Lincoln Electric Co.*, 285 F.3d 456, 475-76 (6th Cir. 2002); *Montgomery v. Ruxton Health Care, IX, LLC*, No. 3:06cv024, 2006 WL 3746145, at *3 (E.D.Va. Dec. 15, 2006). In this case, no such extrinsic evidence is presented. Regarding the signature, the method by which non-attorneys may sign a document electronically is set forth in the court's Electronic Filing Requirements and Procedures manual, which requires counsel to include a certification that an originally-signed copy of the

document is available for inspection at any time. *See Electronic Filing Requirements and Procedures for Civil Cases* (June 13, 2011) § III.F.4, *available at* http://www.mdd.uscourts.gov/publications/forms/Civil%20Manual%20FINAL.pdf. Here, no such attestation was included.

In sum, the evidence provided by Plaintiffs in support of their motion reveals that there is a genuine dispute of material fact regarding, *inter alia*, the number of hours worked by Plaintiffs. Accordingly, they are not entitled to summary judgment at this time.[9]

**IV. Conclusion**

For the foregoing reasons, the motion for partial summary judgment filed by Plaintiffs Debbra Brown and James Parker will be denied. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge

---

[9] Because Plaintiffs have not shown that judgment is warranted in their favor as to liability under either the FLSA or the MWHL, judgment is similarly not warranted as to their request for liquidated damages under either statute. *See Landmark Realty, Inc. v. Great Am. Ins. Co.*, No. JKS 10-278, 2010 WL 5055805, at *6 (D.Md. Dec. 3, 2010) (noting that the "question of damages . . . is dependent on resolution of the liability issues").